# IN THE COURT OF APPEALS OF IOWA

No. 18-0033
Filed November 6, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ELISA MARIE WALKER a/k/a MONTGOMERY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Brook Jacobsen, District Associate Judge.

Elisa Walker appeals after entering written pleas to fourth-degree theft and fourth-degree fraudulent practices. **AFFIRMED.**

Allan M. Richards of Richards Law Firm, Tama, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**DOYLE, Presiding Judge.**

Elisa Walker appeals after entering a written *Alford* plea[1] to one count of fourth-degree theft and one count of fourth-degree fraudulent practices—both serious misdemeanors—in violation of Iowa Code sections 714.1, 714.2(4), 714.8, and 714.12 (2017).[2]  The district court sentenced her to two concurrent one-year terms of incarceration in jail.  She now asks us to set aside her plea, claiming she failed to understand fully the plea and its consequences.

To challenge a guilty plea on appeal, a defendant must move in arrest of judgment.  *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."); *State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004) ("Generally, a defendant must file a motion in arrest of judgment to preserve a challenge to a guilty plea on appeal.").  Under rule 2.8(2)(d), "[t]he court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal."  "[I]t is unnecessary for the trial court to actually engage in an in-court colloquy with a defendant so as to personally inform the

---

[1] An *Alford* plea is a variation of a guilty plea; the defendant does not admit to the commission of the criminal act but acknowledges the prosecution has enough evidence to win a conviction from a judge or jury, and the defendant consents to the imposition of a sentence.  *See North Carolina v. Alford,* 400 U.S. 25, 32-38 (1970).

[2] Our supreme court decided recent amendments to Iowa Code section 814.6 (2019) limiting direct appeals from guilty pleas apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019.  *See State v. Macke,* 933 N.W.2d 226, 235 (Iowa 2019).

defendant of the motion in arrest of judgment requirements." *State v. Fisher*, 877 N.W.2d 676, 680-81 (Iowa 2016) (cleaned up). "Instead, a written waiver filed by the defendant can be sufficient." *Id.*; *see also State v. Barnes*, 652 N.W.2d 466, 468 (Iowa 2002) (concluding the defendant failed to preserve error because he did not file a motion in arrest of judgment when his written guilty plea clearly stated that a failure to file such a motion would bar any challenge to his plea on appeal).

Walker's written guilty plea shows she was informed of her right to move in arrest of judgment and that any failure to file such a motion would preclude her right to assert any challenges to her guilty plea on appeal. She specifically waived her right to move in arrest of judgment. She has not alleged that her counsel was ineffective. *See Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016) (raising claim under the ineffective-assistance-of-counsel rubric is an exception to the error-preservation rule). Thus, she failed to preserve her challenge to the plea based on her alleged lack of understanding for our review. So we affirm.

**AFFIRMED.**